## Case No. 5,395.
### GIBSON v. GIFFORD.
[1 Blatchf. 529; 1 1 Fish. Pat. Rep. 366.]
Circuit Court, N. D. New York. June Term, 1850.

PATENTS — RIGHTS OF ASSIGNEES UNDER EXTENSION—ACT OF FEBRUARY 26, 1845.

1. Prior decisions of this court as to the originality and novelty of the Woodworth patent,

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the validity of its re-issue, and the identity of the invention covered by the original and re-issued patents, re-affirmed.

2. There being in the special act of February 26, 1845 (6 Stat. 936), extending the patent for seven years from 1849, no reservation in favor of assignees under the two prior terms, they have no rights in the third term, and cannot even continue in the use of machines lawfully constructed before the third term, and actually existing and in use when the second term expired.[2]

[Cited in Fire Extinguisher Manuf'g Co. v. Graham, 16 Fed. 551.]

3. Although it be alleged that the act of 1845 was procured by fraud and misrepresentation, this court will regard it as the law of the land, till it is repealed; and so far, at least, as a motion for a preliminary injunction, founded upon the act, is concerned, the law will be regarded as conclusive evidence of the extension of the patent.

[Cited in Goodyear v. Providence Rubber Co., Case No. 5,583.]

In equity. This was an application for a provisional injunction. The plaintiff [John Gibson] was the grantee of the exclusive right to the Woodworth patent for the county of Onondaga, N. Y., for the congressional extension of seven years, commencing on the 27th of December, 1849. See Wilson v. Rousseau, 4 How. [45 U. S.] 661, 662. The bill was founded on the re-issued patent of July 8, 1845, and alleged that the defendant [Henry Gifford] was infringing the plaintiff's rights by running a Woodworth machine in the county of Onondaga, without authority. The defendant opposed the application, on an answer and affidavits, and, among other defences, which are alluded to in the opinion of the court, set up that he had a valid license to use the same machine for the original term of the patent ending December 27, 1842, and for the first extension of seven years ending December 27, 1849, and had the machine in actual use on the last named day. On that ground he claimed the right to continue its use during the second extension.

Azor Taber and Rodman L. Joice, for plaintiff.
Charles B. Sedgwick, for defendant.

NELSON, Circuit Justice. 1. Several of the objections taken by the counsel for the defendant to the motion for an injunction have been before us heretofore and been considered and disposed of—such as the novelty of the invention; whether Woodworth was the first and original inventor; the surrender

2 This same point was decided in the same way by Mr. Justice Woodbury and Judge Pitman in Mason v. Tallman [Case No. 9,254]; by Mr. Justice McKinley and Judge McCaleb in Bloomer v. Vaught [Id. 1,560]; by Judge Ware in Woodworth v. Barbour [Id. 18,010]; and by Judge Sprague in Woodworth v. Curtis [Id. 18,012].

of the patent, and its re-issue with an amended specification on the 8th of July, 1845; and whether the amended specification embraces a different invention or discovery from that attempted to be described in the first patent. We have since seen no grounds for revising the conclusions at which we then arrived; and subsequent examinations have but confirmed them.

2. The question whether an assignee under the first term of the patent, or one under the second term as granted by the commissioner of patents under the 18th section of the patent act of July 4, 1836 (5 Stat. 124), is entitled to the enjoyment of a like interest under the act of February 26, 1845, entitled "An act to extend a patent heretofore granted to William Woodworth" (6 Stat. 936), or to continue in the use of a machine or machines lawfully constructed under the first or second term in pursuance of an interest acquired under either, and existing and in use at the termination of the second term, we regard as conclusively settled by the case of Wilson v. Rousseau, 4 How. [45 U. S.] 646. The decision of that case proceeds upon the ground, that but for the proviso in favor of assignees in the 18th section, their rights acquired under the first term would have expired with its termination, and the exclusive right to the use and enjoyment of the invention during the second term would have become vested in the patentee. Whatever was saved to assignees, was saved by the proviso and by that alone. If the extension for the second term had been absolute, that is, if there had been no reservation in the general act of 1836, in favor of assignees, as there is not in the special act of 1845, the court would not have entertained a doubt that the exclusive right to the invention during the second term would have been vested in the administrator. The whole argument in favor of the right of the assignee to continue to use machines existing and in use at the expiration of the first term rested upon the proviso to the 18th section, and could have been maintained upon no other ground. There is no proviso or reservation in the act of 1845, and, consequently, the principles of the case referred to are decisive against the claim of the assignee here.

3. As to the allegation that the act of 1845, extending the patent, was procured by fraud and misrepresentation, we must, so long as it is permitted to exist in the statute book, regard it as the law of the land governing the rights of the parties, so far as it applies. The appropriate remedy, if the supposed allegation be true, is a repeal of the statute. So far, at least, as this preliminary motion is concerned, we shall regard the law as conclusive evidence of the extension of the term for the period mentioned. Injunction granted.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]